IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TERRY STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-1431 |
| | ) |
| MARCO RUBIO, SECRETARY, U.S. DEPARTMENT OF STATE,[1] | ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Marco Rubio, Secretary of the Department of State's ("Defendant") Motion to Dismiss ("Motion"). Dkt. 12. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Defendant's Memorandum in Support (Dkt. 13),[2] this Court GRANTS the Motion for the reasons that follow.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marco Rubio, Secretary, U.S. Department of State, is automatically substituted as Defendant.

[2] Plaintiff has not filed an opposition to the Motion despite receiving additional time to do so and that failure is unexplained. Dkt. 18. Accordingly, the Motion is technically undisputed and could be resolved on that basis. *See Smith v. Commc'n's Workers of Am.*, 2010 WL 1346414, at *2 (D. Md. Mar. 31, 2010) (dismissing case for failure to prosecute where plaintiff failed to respond to a motion to dismiss); *White v. Wal-Mart Stores, Inc.*, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) ("When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion"). In deference to Plaintiff's *pro se* status, the Court will nonetheless address the merits of the Motion.

1

## I. BACKGROUND

### A. Factual Background[3]

Plaintiff Terry Steele ("Plaintiff"), proceeding *pro se*, brings a nineteen-count Complaint against Defendant, arising from Plaintiff's employment with the U.S. Department of State. Dkt. 1 ¶ 7. At all times relevant to the Complaint, Plaintiff worked as a GS-14 Mechanical Engineer in the Commissioning Branch of the Bureau of Overseas Buildings Operations in Rosslyn, Virginia and overseas. *Id.* ¶ 8.

In June 1993, when Plaintiff was over 40 years old, *id.* ¶ 15, Plaintiff contacted Ambassador Samuel E. Lupo and complained of hostile harassment in the work environment, *id.* ¶ 10. Plaintiff alleges that he has since endured "offensive conduct as a condition of continued employment, the conduct so severe and pervasive a reasonable person would consider intimidating, hostile and abusive and under the continual harassment theory." *Id.* ¶ 14. Plaintiff details the alleged conduct in the Complaint, claiming that he has been subjected to a hostile work environment and discrimination based on his age, gender, religion and protected activity primarily between 1993 and 2017. *See id.* ¶¶ 15-36. He alleges that he was given "performance [e]valuations based on direct age-based discriminatory slurs," that he was constructively discharged, that he was threatened and stalked by Department of State employees, that he was denied a promotion in 1993, that various policies were not followed, that his 2016 evaluation rating was "lowered to less than outstanding without reason," that he received a death threat outside his cubicle on September 7, 2017, that a manager "inexplicably changed and raised work requirements to a greater percentage"

---

[3] For purposes of considering the Motions to Dismiss, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

in 2017, that various Department of State employees did not obtain their positions on merit, and that his personal information was discussed within the office. *Id.* ¶¶ 15-21, 28, 31, 33, 35.

### A. Procedural Background

On January 13, 2022, Plaintiff, represented by counsel at the time, filed his first complaint arising from his employment, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Privacy Act of 1974. *Steele v. Blinken*, 1:22-cv-35 (RDA/JFA), Dkt. 1 ("*Steele I*"). Plaintiff claimed that he had been subjected to a hostile work environment and discrimination based on his age, gender and protected activity, *id.* ¶¶ 19-31, pointing to "less than Outstanding" performance evaluations, *id.* ¶¶ 7-8, 10, an alleged death threat and stalking by Department of State employees, improper sharing of his information within the office, and age- and sex-based comments directed toward him, *id.* ¶¶ 9, 11-17.

On January 20, 2022, Plaintiff filed a *pro se* complaint alleging similar claims. *Steele v. Blinken*, 1:22-cv-65 (LMB/TCB), Dkt. 1 ("*Steele II*"). The cases were consolidated on March 10, 2022. *Steele I*, Dkt. 10. On October 19, 2022, this Court granted Defendant's motion to dismiss the complaints in a thorough memorandum opinion, finding that Plaintiff had failed to state a plausible claim with respect to any of the counts alleged in either of Plaintiff's complaints. *Steele I*, Dkt. 31. Plaintiff appealed, and the Fourth Circuit affirmed on June 3, 2024. *Steele v. Blinken*, 2024 WL 2815123, at *1 (4th Cir. 2024).

On June 7, 2024, Plaintiff filed another *pro se* complaint against Defendant, raising similar issues that this Court had already rejected. *Steele v. Blinken*, 1:24-cv-981 (LMB/IDD), Dkt. 1 ("*Steele III*"). On January 14, 2024, U.S. District Judge Leonie M. Brinkema dismissed the complaint as frivolous and for failure to state a claim, noting that "[t]he facts alleged in support of each of [the] counts are substantially similar, if not identical, to those alleged in [*Steele I* and *Steele*

*II*] in this district—both of which were dismissed. . . . Plaintiff may not get another bite at the apple by filing the same claims in a new civil action." *Steele III*, Dkt. 11. Defendant appealed and the Fourth Circuit affirmed Judge Brinkema's decision on April 14, 2025. *Steele v. Blinken*, 2025 WL 1098897, at *1 (4th Cir. 2025).

On August 15, 2024, Plaintiff filed the instant suit. Dkt. 1. The Complaint again alleges facts that are substantially similar, if not identical, to those alleged in Plaintiff's previous lawsuits, pointing to his performance evaluations, age-based statements, stalking, death threats, and disclosure of confidential information. *Id.* On October 24, 2024, Defendant filed a Motion to Dismiss the Complaint, arguing that Plaintiff's claims were barred by *res judicata* and the rule against claim splitting. Dkt. 12. Defendant also filed a *Roseboro* Notice to notify Plaintiff of his right to file any opposition to the Motion within 21 days, or by November 14, 2024. Dkt. 12-1. On November 4, 2024, Plaintiff moved for postponement of hearing, extension of time, and stay. Dkt. 15. On November 7, 2024, Magistrate Judge William E. Fitzpatrick denied Plaintiff's motion. Dkt. 17. On November 20, 2024, in accordance with *Rosebovo v. Garrison*. 528 F.2d 309 (4th Cir. 1975), this Court notified Plaintiff of Defendant's Motion to Dismiss and allotted Plaintiff an additional 21 days to file a response. Dkt. 18. On January 8, 2025, Defendant filed a Notice Regarding Defendant's Motion to Dismiss, requesting that the Court consider Defendant's Motion to Dismiss as conceded because Plaintiff has filed no opposition to the Motion. Dkt. 19. As Defendant notes, the deadline to file a response to his Motion to Dismiss has now passed. To date, Plaintiff has still not filed a response brief.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Moreover, "when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating

5

a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

## III. ANALYSIS

Defendant contends that Plaintiff's claims are barred by the doctrine of *res judicata* and that they also independently fail as a matter of law. The Court will first address Defendant's *res judicata* argument.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). "The doctrine of *res judicata* encompasses two concepts: (1) claim preclusion and (2) issue preclusion, or collateral estoppel." *Id.* Claim preclusion applies here. "The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts*, 287 F.3d at 318 (internal citations omitted). A claim is precluded where three elements are met: (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and, (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions or the same core of operative facts." *Id.* at 1316.

In considering Defendant's *res judicata* argument, the Court may take judicial notice of the "facts from [] prior judicial proceeding[s]." *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir.

2010) (internal quotations omitted) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). Accordingly, the Court takes judicial notice of the prior judicial proceedings in which Plaintiff advanced claims arising from Plaintiff's employment with the U.S. Department of State against this Defendant. *Steele I*, Dkt. 31 (granting Defendant's motion to dismiss and finding that Plaintiff failed to state a plausible claim with respect to any of the counts alleged in the *Steele I* and *Steele II* complaints); *Steele II*, Dkt. 1 (dismissed along with *Steele I*); *Steele*, 2024 WL 2815123, at *1 ("affirm[ing] the district court's order" after finding "no reversible error"); *Steele III*, Dkt. 11 (dismissing complaint as frivolous and for failure to state a claim, noting that "plaintiff has fully ventilated his claims at the district court and appellate court levels, and both courts have found that they lack any basis in the law"); *Steele*, 2025 WL 1098897, at *1 ("affirm[ing] the district court's order" with respect to *Steele III* after finding "no reversible error").

Based on a review of the Complaint, Plaintiff's claims in the instant suit are precluded by this Court's October 19, 2022 Dismissal Order with respect to *Steele I* and *Steele II* and will be dismissed with prejudice. *Steele I*, Dkt. 31. Each of the elements of *res judicata* are met here.

First, this Court's *Steele I/Steele II* Dismissal Order was a final judgment on the merits. *See Nabaya v. Stark*, No. 3:13CV218-HEH, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013) ("A dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' for the purposes of res judicata."). It is also clear that this was an appealable final judgment from the appeal that followed, in which the Fourth Circuit "affirm[ed] the district court's order" after finding "no reversible error." *Steele*, 2024 WL 2815123, at *1.

Second, the parties in the instant suit are identical to the parties in the previous suits.

7

Plaintiff Terry Steele sued Defendant Antony Blinken,[4] Secretary of the Department of State, in each of the previous lawsuits and the instant suit. *See* Dkt. 1; *Steele I*, Dkt. 1; *Steele II*, Dkt. 1; *Steele III*, Dkt. 1.

Third, the causes of action in Plaintiff's prior lawsuits before this Court and the present lawsuit are fundamentally the same. *See Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (holding that causes of action are identical where they arise "out of the same transaction or series of transactions or the same core of operative facts"); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (holding that causes of action are also identical where a claim "was decided or *could have been decided* in an original suit"). The *Steele I* and *Steele II* complaints alleged employment discrimination on the basis of age, hostile work environment due to discrimination based on sex and acts of reprisal, violations of the Privacy Act, and material fraud. *Steele I*, Dkt. 31 at 2. In support of his claims, Plaintiff pointed to "less than Outstanding" performance evaluations, *Steele I*, Dkt. 1 ¶¶ 7-8, 10, an alleged death threat and stalking by Department of State employees, improper sharing of his information within the office, and age and sex-based comments directed toward him, *id.* ¶¶ 9, 11-17. In the present case, Plaintiff asserts nineteen counts in his Complaint, likewise pointing to performance evaluations, age-based statements, stalking, death threats, fraud, and disclosure of confidential information. Dkt. 1 ¶¶ 15-36. While Plaintiff's claims are presented in more counts and at times are unintelligible, he makes repeated references to the same incidents that formed the basis of his claims in *Steele I* and *Steele*

---

[4] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marco Rubio, Secretary of the U.S. Department of State, is automatically substituted as Defendant.

*II. Id.*[5]

The elements of claim preclusion are therefore satisfied and the doctrine of *res judicata* precludes this Court from reaching the merits of Plaintiff's claims. Thus, Defendant's Motion to Dismiss will be granted and the Complaint dismissed with prejudice because Plaintiff's claims are barred by *res judicata*.[6] As Judge Brinkema previously stated in *Steele III*, "Plaintiff may not get another bite at the apple by filing the same claims in a new civil action." *Steele III*, Dkt. 11 at 2.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 12) is GRANTED; and it is

FURTHER ORDERED that the Complaint is DISMISSED WITH PREJUDICE.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

---

[5] Even if the precise claims brought in the current case were not before this Court in *Steele I* and *Steele II*, Plaintiff could have raised them in those actions, making *res judicata* applicable. *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 281-82 (4th Cir. 2016). Here, the most recent conduct that Plaintiff is challenging appears to have occurred at least a year before Plaintiff filed the *Steele I* and *Steele II* complaints in 2022 and likewise arises from his employment with the Department of State. *See* Dkt. 1 ¶ 25 (appearing to allege that a letter sent to Plaintiff on June 22, 2021 had "a false medical hospitalization date . . . for the sole purpose of an unlawful termination," but failing to specify why a wrong date would lead to an unlawful termination or if Plaintiff was actually terminated). As such, Plaintiff could have raised the additional claims arising from his employment in the previous actions.

[6] The Court need not address the merits of Plaintiff's claims because all counts will be dismissed on *res judicata* grounds. *Adkins v. Fairfax County School Board*, No. 1:08-cv-91, 2008 WL 2076654, at *6 (E.D. Va. May 15, 2008).

9

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
April 25, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge